Filed 9/22/25; Modified and Certified for Pub. 10/2/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANTHONY WILSON, JR., | B334533 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20CMCV00314) |
| v. | |
| TAP WORLDWIDE, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Shultz, Judge.  Reversed.

Cummings & Franck, Scott O. Cummings, Lee Franck and Andrew Butzen for Plaintiff and Appellant.

Fernald & Zaffos, Brandon Claus Fernald and Gina McCoy for Defendant and Respondent.

_____

We start with the epilogue. Until our high court decided *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310 (*Hohenshelt*), the issue before us was how to interpret an attorney fees provision in Code of Civil Procedure[1] section 1281.98, which allows certain plaintiffs, previously ordered to arbitration, to return to court if the defendant does not pay the arbitration fees within the 30-day deadline in that statute. Prior to *Hohenshelt*, there was conflicting appellate authority as to whether that consequence applied even to innocent missed deadlines and if so, whether the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) would preempt section 1281.98. *Hohenshelt* resolved those issues, and as set forth in our Discussion, *post*, the impact of that decision now dominates our analysis, and leads us to the conclusion that plaintiff is not entitled to the award of attorney fees at issue in this appeal.

Returning to where this case started, in an employment arbitration between plaintiff Anthony Wilson, Jr. and defendant TAP Worldwide LLC, the arbitration provider received defendant's payment of the arbitration fees three days after expiration of the 30-day deadline in section 1281.98. There was evidence defendant initiated an electronic payment on the last day of the 30-day period, a Friday, but the payment was not processed and the arbitration provider did not receive the payment until the following Monday.

Plaintiff filed a motion under section 1281.98 to vacate the order compelling arbitration and return the matter to court. The trial court granted the motion. It found defendant in material

---

[1] Unspecified statutory citations are to the Code of Civil Procedure.

breach of the arbitration agreement because defendant failed to pay the arbitration fees within 30 days following invoice of those fees. In so finding, the trial court followed appellate decisions construing section 1281.98's deadline strictly, regardless of whether defendant missed the deadline inadvertently. The court vacated the order compelling arbitration and imposed $1,750 in sanctions under section 1281.99, reflecting time expended by plaintiff's counsel to prepare and litigate the motion under section 1281.98.

Plaintiff subsequently filed a motion for over $300,000 in attorney fees and costs pursuant to section 1281.98, subdivision (c)(1), which allows a plaintiff "to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding." The trial court granted the motion but reduced the award to approximately $11,000. The court reasoned plaintiff was entitled only to fees and costs incurred for work that would have no utility once the case were returned to court.

Plaintiff then brought this appeal, arguing the trial court misinterpreted the fees provision of section 1281.98, subdivision (c)(1) and plaintiff should be awarded all fees and costs incurred in the arbitral forum, regardless of whether the work underlying those fees and costs would be useful in the court proceedings.

After appellate briefing was complete, our Supreme Court decided *Hohenshelt*. *Hohenshelt* held federal law would preempt section 1281.98 if the statute were interpreted to render arbitral rights forfeited even if the failure to pay arbitration fees within the statute's 30-day deadline was inadvertent or otherwise excusable. To avoid preemption, the *Hohenshelt* court interpreted section 1281.98 to mandate forfeiture of arbitral

rights only when nonpayment was willful, grossly negligent, or fraudulent.

We asked for supplemental briefing regarding the impact of *Hohenshelt* on this appeal. Here the trial court found defendant had forfeited its arbitral rights despite facts demonstrating defendant missed the 30-day deadline by three days merely because it believed authorizing withdrawal of the payment within the 30-day deadline was sufficient. Under *Hohenshelt*, the trial court's strict interpretation of section 1281.98 is preempted. Given the trial court's findings about how defendant missed the 30-day deadline, we conclude, as a matter of law, that defendant's untimely payment was not willful, grossly negligent, or fraudulent. Accordingly, we reverse the award of attorney fees.

## BACKGROUND

Plaintiff filed a complaint against defendant asserting 17 causes of action arising from alleged racial, religious, and disability discrimination and harassment during plaintiff's employment with defendant.[2] The trial court compelled the matter to arbitration on defendant's motion.

On June 7, 2023, the arbitration provider sent an invoice to all parties for arbitrator compensation. The invoice stated payment was due 30 days from the invoice date. According to a declaration by defendant's counsel, counsel initiated an electronic bill payment for the invoice on July 7, 2023, a Friday. The payment was processed and the arbitration provider received it on July 10, 2023, a Monday.

---

[2] Plaintiff sued additional defendants, but they are not party to this appeal and we do not address the claims against them further.

4

Plaintiff moved to vacate the order compelling arbitration. He contended the failure to pay the arbitration invoice within section 1281.98's 30-day deadline constituted a material breach entitling him, among other statutory sanctions, to return his case to court. Defendant argued it met that statute's deadline by electronically authorizing payment of the arbitration fees on July 7.

On September 14, 2023, the trial court granted plaintiff's motion, ruling section 1281.98 requires payment to be not merely sent, but received by the arbitration provider within the statutory 30-day deadline, and based on appellate case authority, courts must strictly enforce that deadline. The court awarded plaintiff sanctions of $1,750 pursuant to section 1281.99, which entitles a plaintiff to "the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach." (§ 1281.99, subd. (a)). The $1,750 reflected time expended by plaintiff's counsel "to prepare the motion [under section 1281.98], confer with counsel, conduct research, prepare the reply brief, and attend the hearing."[3] The court acknowledged plaintiff's right under section 1281.98, subdivision (c)(1), to file a separate motion or action for fees and costs associated with the now abandoned arbitration proceeding.

Plaintiff then moved for an award of $329,730 in attorney fees, $1,800 in expert fees, and $9,634.95 in costs. Defendant opposed, arguing, inter alia, that plaintiff was not entitled to fees plaintiff would have incurred regardless of whether the action

---

[3] Plaintiff requested a sanction of $17,286.65, but the trial court reduced it after finding plaintiff's claimed hours and hourly rate were not reasonable. Neither party has appealed that sanction.

proceeded in arbitration or in court, such as fees and costs incurred prelitigation or in conducting discovery. In addition to its opposition, defendant filed a motion to tax costs.

Defendant also filed a motion for relief under section 473, subdivision (b) from the trial court's earlier order vacating the motion to compel arbitration. Defendant argued its counsel had made an honest mistake of law when counsel believed initiating payment within the 30-day deadline was sufficient, and defendant therefore was entitled to mandatory and discretionary relief pursuant to section 473, subdivision (b).

On November 14, 2023, the trial court ruled on plaintiff's fees and costs motion, defendant's motion to tax costs, and defendant's motion under section 473, subdivision (b). The trial court found under section 1281.98, plaintiff was not entitled to all litigation fees and costs, but only those incurred for work no longer having utility given termination of the arbitration proceeding. The court further found plaintiff's conducting discovery, investigation, and mediation retained their utility, and plaintiff was not entitled to fees and costs under section 1281.98, subdivision (c)(1) for that work. The court therefore awarded plaintiff reduced amounts, specifically $10,985 in attorney fees and $470.28 in costs.

The trial court denied defendant's motion for relief under section 473, subdivision (b). The court found, inter alia, that section 1281.98 is " 'strict and unforgiving' " and does not allow a court to consider whether nonpayment was due to mistake, inadvertence, surprise, or excusable neglect.

Plaintiff timely appealed from the November 14, 2023 order awarding fees and costs. Defendant did not appeal from that order.

6

Defendant did appeal, however, from the earlier September 14, 2023 order vacating the order compelling arbitration. At defendant's request, however, we dismissed that appeal before briefing commenced.

## DISCUSSION

### A. Governing Law and Plaintiff's Contentions on Appeal

"In 2019, the Legislature passed Senate Bill No. 707 (2019–2020 Reg. Sess.) (Senate Bill [No.] 707) . . . in response to 'a concerning and troubling trend' in consumer and employment arbitrations: 'employers are refusing to pay required fees to initiate arbitration, effectively stymieing the ability of employees to assert their legal rights.' [Citations.] The Legislature noted instances in which companies, having drafted and enforced waivers of class proceedings in employment contracts, faced large numbers of individual arbitration demands and then failed to timely pay arbitration fees, thereby frustrating adjudication of employees' claims." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 329.)

Section 1281.98 was enacted under Senate Bill No. 707. (Stats. 2019, ch. 870, § 5.) Section 1281.98 provides that if the drafting party of an employment or consumer arbitration contract fails to pay within 30 days any fees and costs required to continue the arbitration proceeding, "the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach." (§ 1281.98, subd. (a)(1).) The employee or consumer may then "unilaterally elect" one of several remedies, including withdrawing the claim from arbitration and proceeding

7

in court.  (*Id.*, subd. (b)(1).)  If the employee or consumer elects this option, the employee or consumer may bring a motion or separate action "to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding.  The recovery of arbitration fees, interest, and related attorney's fees shall be without regard to any findings on the merits in the underlying action or arbitration."  (*Id.*, subd. (c)(1).)  The trial court also "shall impose sanctions on the drafting party in accordance with Section 1281.99."  (§ 1281.98, subd. (c)(2).)

Section 1281.99 mandates a monetary sanction of "the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach" (§ 1281.99, subd. (a)), and further allows the court to impose evidentiary, terminating, or contempt sanctions "unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."  (*Id.*, subd. (b).)

On appeal, plaintiff argues the trial court applied too narrow an interpretation of section 1281.98, subdivision (c)(1). Plaintiff contends he is entitled to all fees and costs incurred in the arbitration, regardless of whether the work associated with those fees and costs would be useful as the case proceeds in court. Assuming arguendo the trial court's narrow interpretation was correct, plaintiff argues the trial court's findings as to what work performed during the arbitration was still useful in the now pending court proceeding were erroneous.

## B.  *Hohenshelt*

As previously noted, after appellate briefing was complete, the Supreme Court issued *Hohenshelt*.  The question in *Hohenshelt* was whether the Federal Arbitration Act preempts

8

section 1281.98's provision that drafting parties waive their right to arbitrate if they fail timely to pay arbitration fees. (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 322–323.)  The FAA sets forth " ' "an equal-treatment principle" ' " that allows courts to " ' "invalidate an arbitration agreement based on 'generally applicable contract defenses,' " ' " but preempts state rules that " ' " 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' " '  [Citation.]" (*Hohenshelt*, at p. 327.)

Our high court agreed with the employer's argument "that if section 1281.98 were construed to mean that any failure to make timely payment, regardless of the circumstances, invariably results in forfeiture of arbitral rights, the statute would be anomalous in the context of general contract law principles." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 343.)  The court held, however, that "section 1281.98, properly construed, is not preempted by the FAA." (*Hohenshelt*, at p. 323.)  "[T]he statute does not abrogate the longstanding principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent." (*Ibid.*)

As examples of this "longstanding principle," our high court cited Civil Code section 3275, which "excuses a failure to perform an 'obligation' " if the breaching party " 'mak[es] full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.' " (*Hohenshelt*, *supra*, 18 Cal.5th at p. 332, quoting Civ. Code, § 3275.)  The court also cited section 473, subdivision (b) as a "path by which a

9

drafting party that does not timely pay fees can be relieved from forfeiting its right to arbitration." (*Hohenshelt*, at pp. 334–335.)

The high court thus rejected lower courts' strict application of section 1281.98's deadlines. It concluded the Legislature did not intend "to strip companies and employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 323.) Rather, the Legislature's intent was "to deter companies and employers from engaging in *strategic* nonpayment of arbitration fees." (*Ibid.*)

The Supreme Court directed the Court of Appeal "to remand the matter to the trial court for consideration of whether [the employer] may be excused for its failure to timely pay arbitration fees, such that the stay of litigation should not be lifted and the parties should be returned to arbitration, and whether the delay resulted in compensable harm to [the employee]." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 349.)

## C. The Trial Court's Interpretation of Section 1281.98 Is Preempted By Federal Law

At our request, the parties provided supplemental briefing addressing *Hohenshelt*'s impact on this appeal. Defendant argues there is no evidence its "untimely payment was 'willful, fraudulent, or grossly negligent,'" and therefore, in line with *Hohenshelt*, we should remand the matter for the trial court to reconsider the September 14, 2023 order vacating the order compelling arbitration and the November 14, 2023 order awarding plaintiff fees and costs.

Plaintiff argues *Hohenshelt* has no impact on this appeal. He reasons the trial court's order finding defendant in material breach of the arbitration agreement and returning the matter to

10

court is long since final, and defendant dismissed its appeal challenging that order.  Plaintiff contends the only issue before this court is whether the trial court awarded plaintiff all fees to which he was entitled under section 1281.98, subdivision (c)(1), an issue *Hohenshelt* did not address.

We agree with plaintiff that the trial court's September 14, 2023 order vacating the order compelling arbitration and returning the matter to court is not before us and is now final given defendant's dismissal of its appeal of that order.  In reliance on that order, the matter has proceeded in court, and a trial date has been set.

The November 14, 2023 award of approximately $11,000 in attorney fees and costs, however, is before us.  We cannot ignore that this award is premised on an interpretation of section 1281.98 that our Supreme Court has since deemed not only incorrect, but also preempted by federal law.

In accordance with pre-*Hohenshelt* appellate case law mandating strict application of section 1281.98's deadlines, the trial court found defendant forfeited its arbitral rights despite evidence showing defendant electronically remitted payment by the 30-day deadline but, due to a processing delay, the arbitration provider did not receive the payment until three days later.  The trial court further ruled section 473, subdivision (b) relief was unavailable under section 1281.98.  *Hohenshelt* undercut these rulings when it held, to avoid federal preemption, section 1281.98 must be interpreted to allow courts to excuse untimely payments that are not willful, grossly negligent, or fraudulent, and to allow relief from untimely payment under other statutes, including section 473, subdivision (b).  (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 323, 343.)

11

Plaintiff concedes if *Hohenshelt* held section 1281.98 were preempted, "[t]hat would be relevant to this case . . . because [plaintiff's] claim for fee[s] is based on the statute. If it was preempted, there would be no statute to claim attorney fees under." Because *Hohenshelt* concluded section 1281.98 was *not* preempted, plaintiff argues he remains entitled to fees.

We disagree because plaintiff's argument does not give full measure to *Hohenshelt*'s reasoning. The lynchpin of our high court's holding that the FAA does not preempt section 1281.98 is its interpretation of section 1281.98 to require a showing that the missed statutory deadline was willful, grossly negligent, or fraudulent before a defendant could be deemed to have forfeited its arbitral rights. This interpretation is consistent with "the background principles that generally apply to other contractual obligations." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 343.) The court acknowledged, however, "that if section 1281.98 were construed to mean that any failure to make timely payment, regardless of the circumstances, invariably results in forfeiture of arbitral rights, the statute would be anomalous in the context of general contract law principles." (*Hohenshelt*, at p. 343.) Put differently, the Supreme Court concluded the FAA *would* preempt the statute if it were interpreted strictly as the trial court did here. Thus, the FAA preempts section 1281.98 *as applied by the trial court*, and the fees award premised on that interpretation cannot stand.

Plaintiff argues *Hohenshelt* only changed when a party's failure to meet the 30-day deadline forfeits arbitral rights, to wit, only upon a finding of willfulness, gross negligence, or fraud. Plaintiff contends *Hohenshelt* did not alter the nonbreaching

12

party's right to compensation, including for attorney fees and costs, irrespective of why the 30-day deadline was missed.

*Hohenshelt* did rely on Civil Code section 3275, which allows a materially breaching party to avoid forfeiture of its contractual rights by "making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." (See *Hohenshelt*, *supra*, 18 Cal.5th at p. 332.) Our high court held the mandatory sanctions provision of section 1281.99, subdivision (a), requiring the drafting party to pay "the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach," is "[c]onsistent with this compensation requirement." (*Hohenshelt*, at p. 333.) The Supreme Court interpreted section 1281.99 to "require[ ] the drafting party to pay any reasonable expenses incurred by the employee or consumer as a result of its failure to timely pay arbitration fees [citation]—in essence, to make the other party whole (Civ. Code, § 3275)—whether the nonpayment was willful or not." (*Hohenshelt*, at pp. 339–340.)

Indeed, the trial court, here, in its September 14, 2023 ruling returning the case to court, also awarded plaintiff $1,750 in sanctions under section 1281.99, reflecting time expended preparing and litigating the section 1281.98 motion. Neither party has appealed that sanction, which therefore remains in full force.

At issue in this appeal is section 1281.98's *other* attorney fees provision, subdivision (c)(1), allowing an employee or consumer to bring a motion or separate action "to recover all attorney's fees and all costs associated with the abandoned arbitration proceeding." *Hohenshelt* did not expressly address section 1281.98, subdivision (c)(1). Application of that provision,

13

however, is premised on a finding that the drafting part has "abandoned" the arbitration, that is, has forfeited its arbitral rights, thus entitling the employee or consumer to "withdraw[ ] the claim from arbitration and proceed[ ] in a court of appropriate jurisdiction." (§ 1281.98, subd. (c)(1).) The trial court found defendant had forfeited its arbitral rights and abandoned the arbitration merely by missing the payment deadline by three days, regardless of whether the delay was excusable. For the reasons set forth above, that finding relies on an interpretation of section 1281.98 preempted by federal law.

## D. The Trial Court's Findings Establish as a Matter of Law Defendant's Untimely Payment Was Not Willful, Grossly Negligent, or Fraudulent

The next question is the proper disposition. In *Hohenshelt*, the Supreme Court remanded the matter for the trial court to make findings under the standards articulated in that opinion. As set forth below, we conclude remand is unnecessary here because unlike in *Hohenshelt*, the trial court's findings establish, as a matter of law, that defendant's untimely payment was not willful, grossly negligent, or fraudulent.

In *Hohenshelt*, the plaintiff brought a section 1281.98 motion on September 30 after the defendant failed to pay arbitration invoices issued July 29 and August 29. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 324.) The defendant paid the fees "[s]hortly thereafter," and raised several arguments as to why its delay should be excused, including, inter alia, that defense counsel was unaware of the invoices because of an earlier notice stating the arbitrator was unavailable, and because counsel was preparing to go out on paternity leave. (*Id.* at p. 325.) The plaintiff disputed this explanation and argued counsel's claim of

14

inattention was belied by counsel's participation in the matter during the relevant time frame. (*Ibid.*)

There is no indication in *Hohenshelt* that the trial court or Court of Appeal reached these factual disputes. Rather, the trial court denied the section 1281.98 motion upon finding the arbitration provider effectively extended the deadline for payment by issuing a notice on September 30 stating the arbitration would be cancelled if the defendant did not pay by October 28. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 325.) The Court of Appeal reversed, holding the arbitrator could not unilaterally change the 30-day deadline under section 1281.98, and the defendant, by not paying by that deadline, was in material breach. (*Hohenshelt*, at p. 325.)

In contrast to *Hohenshelt*, in the instant case, the trial court made factual findings regarding the reasons for the untimely payment. In its order vacating the order compelling arbitration and returning the matter to court, the trial court wrote the following: "The evidence reflects that on June 7, 2023, the AAA [American Arbitration Association] case manager emailed all parties an invoice for $2,000 for Arbitrator's Compensation as an additional deposit, due upon receipt. AAA required that payment . . . to be 'received within 30 days from the invoice date,' namely by July 7. [Citation.] AAA sent a subsequent email on June 27 checking on the status of payment. [Citation.] On July 10, AAA confirmed that it had not received the $2,000 payment as required." (Fn. omitted.)

The court continued: "Defendant made a virtual card payment to AAA which was processed and arrived on July 10. Defendant's bank statement shows a 'preauthorized debit Bill.com' transaction was made to AAA for $2,000.00. [Citation.]

15

[Defendant's counsel] Mr. Fernald states that he accessed Bill.com on July 7 at 4:16 p.m., saw the outstanding AAA invoice, and created a bill and authorized payment on that date, although he also acknowledges receiving the June 7 invoice by email sent by AAA. [Citation.] Mr. Fernald surmises that since he authorized payment on a Friday, the transaction did not process and issue until Monday, July 10."

These findings establish that defendant initiated payment by the deadline of Friday, July 7, and because of a processing delay, AAA received it the following Monday, one business day later. Plaintiff acknowledged at oral argument the record below was fully developed on the question of the delayed payment, and the trial court's factual findings accurately reflect that record.

As a matter of law, these uncontested findings fail to establish defendant's untimely payment was strategic, willful, grossly negligent, or fraudulent, the prerequisites for forfeiture of arbitral rights and abandonment of the arbitration as interpreted in *Hohenshelt*. The trial court did not conclude otherwise, instead relying on pre-*Hohenshelt* case law to enforce the 30-day deadline strictly to find defendant had forfeited its arbitral rights regardless of the reasons for the untimely payment.

Under *Hohenshelt*'s interpretation of sections 1281.98 and 1281.99, plaintiff would still be entitled to compensation for "any reasonable expenses incurred by the employee or consumer as a result of its failure to timely pay arbitration fees." (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 339–340.) The trial court, however, did award such compensation when it imposed $1,750 in sanctions under section 1281.99 at the time it granted plaintiff's motion to return the matter to court.

16

In his supplemental brief, plaintiff argues defendant's "actions in this case were in fact willful, grossly negligent, and/or fraudulent," and "were a tactic to indefinitely postpone resolution of [plaintiff's] claims." As evidence the untimely payment was "willful," plaintiff asserts that "two notices were provided telling [defendant] to pay immediately and [defendant] failed to timely pay."

We fail to see how notices to pay received before expiration of the relevant deadline create a factual dispute requiring remand. The court found the relevant deadline was July 7— 30 days after AAA issued the invoice. It is undisputed that AAA received the payment on July 10. The court found that defendant had electronically remitted the payment on July 7. As a matter of law, this delay in payment of one business day was not willful, grossly negligent, or fraudulent as *Hohenshelt* used those terms to avoid preemption of section 1281.98.

## DISPOSITION

The November 14, 2023 order granting plaintiff's motion for attorney fees and costs is reversed. The parties shall bear their own costs on appeal.

BENDIX, Acting P. J.

We concur:

WEINGART, J.                    M. KIM, J.

17

Filed 10/2/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| ANTHONY WILSON, JR., | B334533 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20CMCV00314) |
| v. | |
| TAP WORLDWIDE, LLC, | CERTIFICATION AND ORDER FOR PUBLICATION; ORDER MODIFYING OPINION |
| Defendant and Respondent. | |
| | [NO CHANGE IN JUDGMENT] |

THE COURT:

A. *Certification and Order For Publication*

The opinion in the above-entitled matter filed on September 22, 2025 was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published as modified below in the Official Reports and it is so ordered.

B. *Order Modifying the Opinion*

The opinion is also modified as follows:

1. On page 11, first full paragraph, the last sentence, "In reliance on that order, the matter has proceeded in court, and a trial date has been set.", is deleted.

2. On page 12, second paragraph, the second sentence, "The lynchpin of our high court's holding that the FAA does not preempt section 1281.98 is its interpretation of section 1281.98 to require a showing that the missed statutory deadline was willful, grossly negligent, or fraudulent before a defendant could be deemed to have forfeited its arbitral rights.", is deleted and replaced with, "The lynchpin of our high court's holding that the FAA does not preempt section 1281.98 is its interpretation of section 1281.98 to mandate automatic forfeiture of arbitral rights only when the drafting party's failure to timely pay the required fees was willful, grossly negligent, or fraudulent."

3. On page 12, third paragraph, the first sentence, "Plaintiff argues *Hohenshelt* only changed when a party's failure to meet the 30-day deadline forfeits arbitral rights, to wit, only upon a finding of willfulness, gross negligence, or fraud.", is deleted and replaced with, "Plaintiff argues *Hohenshelt* only changed when a party's failure to meet the 30-day deadline forfeits arbitral rights, to wit, when the failure to pay was willful, grossly negligent, or fraudulent."

These modifications do not constitute a change in the judgment.

CERTIFIED FOR PUBLICATION.

_____

BENDIX, Acting P. J.          WEINGART, J.          M. KIM, J.

19